## STATE EX REL. H. G. KINTZINGER v. JAMES G. HOUGHTON.[1]

June 6, 1924.

No. 24,091.

**Statute concerning janitor living in basement of dwelling construed.**

    Section 46, chapter 137, of the Laws of 1917, insofar as it provides that no room in the basement of a dwelling hereafter erected shall be occupied for living purposes, except by the janitor of such dwelling, *held* that the words, *"the janitor,"* may be construed either as singular or plural, and that more than one janitor may be housed in such basement when necessarily employed in the building.

[1]Reported in 199 N. W. 100.

Upon the relation of H. G. Kintzinger the district court of Hennepin county granted its alternative writ of mandamus directed to James G. Houghton, as building inspector of the city of Minneapolis, commanding him to issue to relator a permit for installation of plumbing and erection of electric fixtures as specified in the relation. The matter was tried before Leary, J., who made findings and quashed the writ. From the judgment entered pursuant to the order for judgment, relator appealed. Reversed.

*Sam J. Levy,* for appellant.

*Neil M. Cronin* and *T. B. Kilbride,* for respondent.

QUINN, J.

Upon the application of H. G. Kintzinger, the district court of Hennepin county granted an alternative writ of mandamus, directing James G. Houghton, inspector of buildings for the city of Minneapolis, to issue to the applicant a permit for the wiring, plumbing, and completion of an apartment in the basement of an apartment house, to be occupied by a janitor of the building and his family. At the close of the trial, the court filed an order quashing the writ, and for judgment in favor of respondent for his costs and disbursements. From a judgment entered pursuant to such order, this appeal was taken.

The facts involved in this bit of litigation are not in dispute. The appellant became the owner of the premises in question in April, 1923. The building is a large brick structure with a basement and 3 upper floors. There are 6 apartments on each floor. In the basement are the usual boiler room, wash room, drying room, locker room, and one three-room apartment occupied by the janitor and his family. There is also a room 20x30 feet, used as an assembly room, which was designed for the use of the tenants, with a small kitchen adjacent thereto. At the time appellant purchased the premises, this assembly room had been so partitioned off that it could be used for a family to live in. With the basement so arranged, appellant applied to the respondent for a permit for the installation of proper electrical and plumbing fixtures and fittings so that the apartment could be occupied by a second janitor and his

family. The permit was refused solely upon the ground that the housing act, chapter 137, p. 193, Laws of 1917, permits but one janitor to live in the basement of any apartment house, regardless of its size or need of more than one janitor. Section 46 of that chapter provides as follows:

"In dwellings hereafter erected no room in the basement shall be occupied for living purposes, except by the janitor of such dwelling and the members of his family. In addition to the other requirements of this act, such rooms shall have sufficient light and ventilation, shall be well drained and dry and shall be fit for human habitation."

The permit was refused upon the sole ground that the statute uses the expression, *"the janitor"*, in the sigular number, and thereby manifests an intent that not more than one janitor and his family shall live in the basement of any such building. In our opinion such a construction is too narrow. It would render the act unreasonable, and unduly interfere with the owner's use of his property. It is not contended but that the room in question has sufficient light, drainage, ventilation and is fit for habitation. To permit a second janitor to occupy the basement as a living room, under the existing conditions, would in no way tend to interfere with the public. The construction contended for might, in many instances, greatly impair the owner's property rights and would in no way promote public welfare. If the building had 118 apartments, instead of 18, with a basement just as this one is, it would seem most unreasonable to say that the owner might not allow a second janitor to occupy the room in question, so long as it in no manner interfered with the rights of the public. We are of the opinion and hold that it was the legislative intent that the words, "the janitor", may be construed as meaning either the singular or plural. The singular includes the plural in statutory construction. In re Tower's Estate, 49 Minn. 371-376, 52 N. W. 27.

The general purpose of the statute is salutary, and tends to the betterment of living conditions in large cities. However, it is not reasonable to suppose that the law-making power ever intended to

limit such housing to one janitor, where the building requires the services of more, and where, as in the present case, there is sufficient and suitable room. We are forced to the conclusion that appellant was entitled to the permit asked for.

Judgment reversed.